UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    5:25-cv-02136-SVW-KS                                    Date: January 15, 2026

Title    _Robert Vanleeuwen v. California Department of Corrections and Rehabilitation_

Present:  The Honorable:    Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:                    Attorneys Present for Respondent:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY _HECK V. HUMPHREY_, 512 U.S. 477 (1994)**

Robert Vanleeuwen ("Plaintiff"), a California prisoner proceeding _pro se_ and _in forma pauperis_, filed this civil rights action under 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("Defendant" or "CDCR"). (Dkt. No. 1.)

While the Complaint recites various facts surrounding the circumstances of Plaintiff's incarceration, his allegations are limited to a challenge to a Rules Violation Report ("RVR") he received for disobeying a direct order while he was housed at Ironwood State Prison. (_Id._ at 2, 6-8, 21.) Those claims, however, appear to be barred by _Heck_, as discussed below.

### FACTS ALLEGED IN THE COMPLAINT

Plaintiff generally alleges that Defendant violated his rights to due process and equal protection "in a state-prison disciplinary finding obtained without proper notice or a full and fair hearing." (Dkt. No. 1 at 2.) Plaintiff alleges the following facts in support of that claim. On or about June 29, 2025, he was housed at the Ironwood State Prison in Riverside County, California, in a "2-man locked cell." (_Id._ at 5.) At some point that day, Plaintiff's cell was unlocked by staff officers and Plaintiff was instructed to report to the law library, where Plaintiff worked as a voluntary clerk. (_Id._) While Plaintiff was working in the law library, two officers entered "to perform a search and instructed all incarcerated person[]s to return to assigned housing." (_Id._) Plaintiff complied, but approximately 30 minutes later, his cell was again unlocked by staff members and Plaintiff was ordered back to the law library. (_Id._ at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   5:25-cv-02136-SVW-KS                                    Date: January 15, 2026

Title      _Robert Vanleeuwen v. California Department of Corrections and Rehabilitation_


"A short period thereafter," the same two officers who previously entered the law library returned, announced that a "program, including workers, was recalled," and again ordered Plaintiff to return to his assigned housing.  (*Id.*)  Plaintiff complied.  (*Id.*)  "Plaintiff was then served with [an RVR] alleging a 'serious' violation of 15 CCR § 3005, subd. (b) – Disobeying a Direct Order."  (*Id.*)  The RVR "specifically and directly alleges that Plaintiff disobeyed the initial order to return to assigned housing."  (*Id.* (emphasis omitted).)

Plaintiff was allegedly denied a request for an investigative employee and for video footage, however, at the hearing on the RVR, "[s]taff and [o]fficers testified in Plaintiff's defense, proving Plaintiff was called and ordered to the facility library twice from assigned housing."  (*Id.* at 6-7.)  However, Plaintiff was allegedly found guilty of obeying the initial order on the ground that Plaintiff was "out of bounds."  (*Id.* at 7.)  Plaintiff appealed the decision administratively and his appeal was denied based on "itinerary," which was "a new basis entirely."  (*Id.*)  Plaintiff alleges that he was never served with a new or amended RVR alleging his guilt based on either the "out of bounds" theory or the "itinerary" theory that was relied on to deny his appeal.  (*Id.*)  According to Plaintiff, the RVR violation at issue "remains the only blot on a pristine history of [behavior], employment, integrity and trust."  (*Id.*)

As a result of the "illegitimate finding of guilt" on the RVR, Plaintiff "was assessed a loss of credit, points, and program override," and "subjected to adverse transfer and denials in parole consideration referencing."  (*Id.* at 8.)

Plaintiff further claims that the RVR at issue was part of a conspiracy among CDCR and municipal officials – one that included his conviction, incarceration, and an adverse parole decision – "to silence and retaliate" against him for "his exercise of protected rights" and to "sever paternal contact" with his child.  (*Id.* at 4-5, 8-9.)

\\

\\

\\

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-02136-SVW-KS                                        Date: January 15, 2026

Title       *Robert Vanleeuwen v. California Department of Corrections and Rehabilitation*

**CAUSES OF ACTION**

Based on the above facts, Plaintiff presents three causes of action:

(1) The CDCR violated due process by denying Plaintiff access to video footage, by finding him guilty of the RVR violation, and by justifying the finding of guilt on alternative theories that did not, themselves, amount to crimes or serious violations. (*Id.* at 10.)

(2) The CDCR violated Plaintiff's right to be free from excessive force or restraint under the Eighth Amendment by prosecuting him and finding him guilty of the RVR violation without justification. (*Id.* at 11.)

(3) The CDCR violated the First and Fourteenth Amendments by conspiring to "[a]ffect the outcome of proceedings, or alter the ordinary course of justice." (*Id.* at 12.)

Plaintiff seeks declaratory, compensatory, and punitive damages, attorney fees and costs, expungement of the RVR violation at issue, a recommendation for reconsideration of parole, and any other relief the Court deems necessary. (*Id.* at 13.)

**LEGAL STANDARD**

A plaintiff proceeding *in forma pauperis* "is subject to the [Prison Litigation Reform Act ("PLRA")]." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024). Under the PLRA, a "court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *Id.* (*quoting* 28 U.S.C. § 1915(e)(2)(B)(ii)). Thus, the PLRA "authorizes '*sua sponte* dismissals of *in forma pauperis* cases' that fail to state a claim for relief." *Id.* at 1006-07 (*quoting Jones v. Bock*, 549 U.S. 199, 214 (2007)). Indeed, the PLRA "not only permits *but requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1007 (*quoting Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)) (emphasis in original). Further, "under the PLRA, this mandatory *sua sponte* dismissal may occur [] '*at any time.*'" *Id.* (citation omitted). Under "the plain text of the PLRA, § 1915(e) dismissals for failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-02136-SVW-KS                                    Date: January 15, 2026

Title      _Robert Vanleeuwen v. California Department of Corrections and Rehabilitation_

to state a claim, unlike Rule 12(b)(6) dismissals, are obligatory, even if the court raised the legal basis for the dismissal _sua sponte._"  _Id._

Consistent with the above legal standard, the PLRA authorizes a district court to evaluate _sua sponte_ whether a claim is barred under the "required favorable termination rule," also known as the "_Heck_ bar."  _Id._  Under the _Heck_ bar, "to prevent a dismissal of his cause of action, a plaintiff, whose § 1983 claim arose from 'harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid,' needed to prove that he had first overturned his conviction or sentence in another proceeding."  _Id._ at 1008 (_quoting Heck_, 512 U.S. at 486-87).  Put another way, "when a state prisoner seeks damages in a § 1983 suit," the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  _Heck_, 512 U.S. at 487.

The United States Supreme Court "extended the application of _Heck_ to the prison context" in _Edwards v. Balisok_. 520 U.S. 641 (1997).  In that case, a Washington state prisoner "was found guilty of violating four prison rules for which he was sentenced to spend 10 days in isolation, to spend 20 days in segregated housing, and to lose 30 days of earned time that would have shortened his sentence."  _Hebrard_, 90 F.4th at 1008 (_quoting Edwards_, 520 U.S. at 643) (footnote omitted).  The prisoner "filed a § 1983 cause of action claiming that his prison disciplinary conviction violated his Fourteenth Amendment due process rights because he was 'denied the opportunity to put on a defense' or 'to present [ ] extant exculpatory evidence.'"  _Id._ (_quoting Edwards_, 520 U.S. at 643, 646-47).

The _Edwards_ Court held that _Heck_ barred the prisoner's claim because "'[t]he principal procedural defect complained of by [the prisoner] would,' if proven, demonstrate the unconstitutionality of the procedures used at his disciplinary hearing," and that would "'necessarily imply the invalidity of the deprivation of his [earned]-time credits' in addition to the impropriety of his placement in isolated and segregated housing."  _Id._ (_quoting Edwards_, 520 U.S. at 646) (brackets in original).  As a result, "after _Edwards_, _Heck_ applies to a prisoner's due process challenge to his disciplinary conviction that claims the 'conviction was wrongful,' even if he 'does not seek damages directly attributable to [his] . . . confinement.'"  _Id._ (_quoting Edwards_, 520 U.S. at 646); _see also Heck_, 512 U.S. at 486 n.6.

---

CV-90 (03/15)                          Civil Minutes – General                          Page **4** of **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   5:25-cv-02136-SVW-KS                                          Date: January 15, 2026

Title      _Robert Vanleeuwen v. California Department of Corrections and Rehabilitation_


### ANALYSIS


Here, the relief Plaintiff seeks appears to be barred by _Heck_ because it would undermine the validity of his disciplinary proceeding.  All three of Plaintiff's causes of action would, if proven, either "demonstrate the unconstitutionality of the procedures used at his disciplinary hearing," and/or would "necessarily imply the invalidity of the deprivation of his" loss of earned time credits.  _Hebrard_, 90 F.4th at 1008; _Edwards_, 520 U.S. at 643.

Notably, the state prisoner in _Edwards_ alleged "that he was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence."  _Johnson v. Pennington_, No. EDCV 24-0678 DDP (PVC), 2024 WL 4216446, at *2 (C.D. Cal. Sep. 17, 2024) (_quoting Edwards_, 520 U.S. at 646).  The plaintiff in that case also "assert[ed] that the cause of the exclusion of the exculpatory evidence was the deceit and bias of the hearing officer himself.  He contend[ed] that the hearing officer lied about the nonexistence of witness statements . . . and thus 'intentionally denied' him the right to present the extant exculpatory evidence."  _Id._ (_quoting Edwards_, 520 U.S. at 647).  And there, the High Court held that the plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, [was] not cognizable under § 1983."  _Id._ (_quoting Edwards_, 520 U.S. at 648).

Here, similar to the facts in _Edwards_, Plaintiff alleges that the CDCR, as part of a conspiracy to keep him incarcerated, violated due process by way of the procedure used to determine his guilt and the finding of guilt itself (dkt. no. 1 at 10); violated his right to be free from excessive force or restraint under the Eighth Amendment by prosecuting him and finding him guilty of the RVR violation (_id._ at 11); and violated the First and Fourteenth Amendments by conspiring to "[a]ffect the outcome of proceedings."  (_Id._ at 12.)

All of these allegations go directly to the validity of the RVR violation and "allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed" would render Plaintiff's claim for relief "not cognizable under § 1983."  _Edwards_, 520 U.S. at 648.  Additionally, Plaintiff explicitly seeks monetary damages under section 1983 and the expungement of his RVR violation.  (Dkt. No. 1 at 13.)   Not only would the relief sought "necessarily imply the invalidity" of the RVR violation and loss of good time credits, but

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02136-SVW-KS                                    Date: January 15, 2026

Title      _Robert Vanleeuwen v. California Department of Corrections and Rehabilitation_

Plaintiff also expressly asks the Court to invalidate the RVR violation. *Hebrard*, 90 F.4th at 1008; *Edwards*, 520 U.S. at 643.

### ORDER TO SHOW CAUSE

In the interests of justice, because it appears that Plaintiff fails to state a claim for relief because his causes of action are *Heck*-barred, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than February 16, 2026, why this action should not be dismissed. To discharge this Order and proceed with this case, Plaintiff must file a response on or before the February 16, 2026 deadline showing that Plaintiff's claims are not *Heck*-barred despite the authority cited above.**

Alternatively, if Plaintiff accepts the Court's analysis above, Plaintiff may discharge this Order and dismiss this case without prejudice by filing a signed document entitled "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Petitioner's failure to timely comply with this Order will result in a recommendation that this case be dismissed.**

**IT IS SO ORDERED**.

|  |  |
|---|---|
|  | : |
| **Initials of Preparer** | gr |